**MONTGOMERY ENGINEERING COMPANY, a New Jersey Corporation, and William Hecht and May Belle Hecht, Appellants,**

v.

**UNITED STATES of America.**

**No. 15075.**

United States Court of Appeals Third Circuit.

Argued March 30, 1965.

Decided April 20, 1965.

---

1. Rosenfield, "Consular Non-Reviewability: A Case Study in Administrative Absolutism," 41 A.B.A.J. 1109 (1955).

Murry D. Brochin, Lowenstein & Spicer, Newark, N. J. (Benedict M. Kohl, Newark, N. J., on the brief), for appellants.

Thomas Silk, Atty., Dept. of Justice, Tax Div., Washington, D. C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Loring Post, Attys., Dept. of Justice, David M. Satz, Jr., U. S. Atty., Edward J. Turnbach, Asst. U. S. Atty., Washington, D. C., on the brief), for appellee.

Before HASTIE and FREEDMAN, Circuit Judges, and WEBER, District Judge.

PER CURIAM:

This case involves the tax treatment of $50,000 paid out of the funds of a closely held corporation, controlled by its president and principal stockholder William Hecht, upon the death of Oscar Nicholson, a corporate officer and director, to the widow of the decedent who had been bitterly estranged from her husband for some nine years. The Commissioner disallowed a claimed corporate deduction of this payment as a business expense and, in addition, ruled that it was taxable to William Hecht as a constructive dividend. The corporation and Hecht, having paid the resultant assessments under protest, brought this suit for refunds.

The district court found that "the reason for the $50,000 payment to Mrs. Nicholson was that Mr. Hecht felt that he had a personal moral duty to right the wrong which he felt her husband had done to her and her children. His motivation was a purely personal one, that is he, as a human being who had known both husband and wife and their family for many years during which they helped his business grow and prosper, felt obligated to correct an injustice which had grown out of what he regarded as an unfortunate bitterness between the Nicholsons". Our examination of the record satisfies us that this finding was not clearly erroneous.

Although payment was made by the corporation directly to Mrs. Nicholson pursuant to the vote of its directors, the quoted finding provided adequate support for the court's conclusion that the questioned transaction was not an allowable corporate business expense but was a disbursement in the nature of a dividend paid in accordance with the wishes of William Hecht to accomplish a personal act of kindness motivated by his estimable sense of generosity and moral obligation.

The judgment will be affirmed.